**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| **CLIFFORD J. NEAL and** | : | |
| **LISE M. NEAL,** | : | |
| | : | |
| **Appellants,** | : | |
| | : | **Case No. 3:13-CV-00025 (CAR)** |
| **v.** | : | **Bankruptcy Appeal** |
| | : | |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Appellee.** | : | |
| _____ | : | |

## ORDER ON APPEAL

Appellant-Debtors Clifford J. Neal and Lise M. Neal appeal the United States Bankruptcy Court for the Middle District of Georgia's order denying Appellants' motion for reconsideration.  In essence, Appellants contend the Bankruptcy Court erred by failing to hold a hearing before entering a final written order that deviated from a prior oral "order."[1]  Now, Appellants request that this Court create a "bright-line rule for this district whereby once a ruling has been announced in open court, if upon reflection, or mistake, or improper or unethical conduct by anyone, the court decides to change the previously-announced ruling, that an appropriate hearing must be held before such a change in the content of an order can be made."[2]  Having considered the record of the lower court, the

---

[1] Appellants list five issues in their brief; however, they are all essentially restatements of the same underlying issue.
[2] Appellants' Brief, p. 12 [Doc. 3].

parties' briefs, and the relevant case law, the decision of the Bankruptcy Court is hereby

**AFFIRMED**.

## LEGAL STANDARD

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).  In reviewing the decision of a bankruptcy court, a district court functions as an appellate court.[3]  In that capacity, district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."[4] The Court must accept the Bankruptcy Court's findings of fact unless those facts are clearly erroneous.[5]  The Court may not make independent factual findings.[6]  Conclusions of law, however, including the Bankruptcy Court's interpretation and application of the United States Bankruptcy Code, are reviewed *de novo*.[7]  Thus, this Court owes no deference to the Bankruptcy Court's interpretation of the law or its application of the law to the facts.[8]

## BACKGROUND

On November 30, 2009, Appellants filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of

---

[3] *See Williams v. EMC Mortg. Corp. (In re Williams),* 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam).
[4] Fed. R. Bankr. P. 8013.
[5] *Id.*
[6] *Equitable Life Assurance Soc'y v. Sublett (In re Sublett),* 895 F.2d 1381, 1384 (11th Cir. 1990).
[7] *See* { "pageset": "S31 *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588, 593 (11th Cir. 1990).
[8] *Goerg v. Parungao (In re Goerg),* 930 F.2d 1563, 1566 (11th Cir. 1991)**.**

Georgia, Athens Division.[9]   Appellants' confirmed Chapter 13 Plan listed Appellee-Creditor Wells Fargo Bank, N.A. ("Wells Fargo") as a secured creditor in the amount of $13,779.46 for the purchase of a 2005 Chevrolet Equinox.[10]   However, the 2005 Chevrolet Equinox was involved in an accident and declared a total loss by the insurance company.[11] Accordingly, Appellants filed a motion to substitute another vehicle as collateral.[12]

The Bankruptcy Court held a hearing on Appellants' motion on July 18, 2012.[13] During the hearing, Wells Fargo agreed to "submit or forward a title guarantee letter" to Appellants' insurance company "[w]ithin a reasonable time after the entry of this order" and "submit or forward the certificate of title on the 2005 Chevrolet Equinox" to the insurance company "[u]pon receipt of an insurance draft."[14]   At Appellants' request, the court orally edited the proposed order to include the following: "Within 24 hours of approval, Wells Fargo shall issue [and send] to the seller of the vehicle the purchase price up to $8,426.47."[15]   The court then directed Wells Fargo to incorporate these changes and email the revised order to both the court and Appellants.[16]   Wells Fargo promptly emailed

---

[9] Ch. 13 Voluntary Petition, p. 1, *In re Neal*, Ch. 13 Case No. 09-31990 [Doc. 1] (M.D. Ga. Nov. 30, 2009).

[10] Order Confirming Ch. 13 Plan, p. 3, *In re Neal*, Ch. 13 Case No. 09-31990 [Doc. 37] (M.D. Ga. June 4, 2010)

[11] Mtn. to Substitute Collateral, ¶ 4 [Doc. 1-3, p. 2].

[12] *See generally id.*

[13] Bankr. Ct. Docket, pp. 7-8 [Doc. 1-1].

[14] *See* July 18, 2012 Hearing Transcript, pp. 8-9 [Doc. 1-4]; Response to Mtn. to Substitute Collateral, ¶ 8 [Doc. 1-4, p. 11].

[15] *Id.* at pp. 24-28.

[16] *Id.* at 28.

a revised order with additional changes.[17]   However, on July 23, 2012, the Bankruptcy

Court entered a different written order omitting the aforementioned provisions.[18]

On August 2, 2012, Appellants filed a motion for reconsideration of the Bankruptcy

Court's written order.  During the hearing on Appellants' motion, the court explained that

it had received additional communications from both Appellants and Wells Fargo

regarding the proposed order after the July 18th hearing, and it "wasn't going to let [the

parties] relitigate by fax."[19]   Consequently, the court entered its own order without the

parties' proposed deadlines.[20]   The Bankruptcy Court denied Appellants' motion for

reconsideration on November 2, 2012.[21]

## DISCUSSION

The Bankruptcy Court did not err by failing to hold a second hearing on

Appellant's motion to substitute collateral.  As an initial matter, the Court is perplexed by

Appellants' contention that they were entitled to a second hearing when they "make no

claim to having had a right to an initial hearing in this matter."[22]   Further, Appellants fail

to explain how a second hearing could have meaningfully advanced their position when

---

[17] The parties agree Wells Fargo emailed a proposed order after the July 18th hearing, but Appellants state the email was sent "approximately two days later," whereas Wells Fargo contends it sent the email on July 19, 2012.  Appellants Brief, p. 8 [Doc. 3]; Wells Fargo Brief, p. 6 [Doc. 5].
[18] Bankr. Ct. Docket, p. 8.  The order was signed on July 20th but was not docketed until July 23rd.
[19] October 13, 2012 Hearing Transcript, p. 26 [Doc. 1-4].
[20] *Id.*
[21] Order on Mtn. for Reconsideration, p. 1 [Doc. 1-3, p. 19].
[22] Appellants' Brief, p. 9.

the parties thoroughly addressed concrete deadlines during the July 18th hearing.[23]

Finally, the Bankruptcy Court was not bound by the terms of its oral order. An "oral

ruling is not controlling; a written order is controlling."[24]  Pursuant to Federal Rule of

Bankruptcy Procedure 9021, "a judgment or order is effective when entered under Rule

5003,"[25] which directs the clerk to keep a docket in each case and "enter thereon each

judgment, order, and activity in that case[.]"[26]  In this case, the clerk did not memorialize

an oral order in the docket pursuant to Rules 9021 and 5003.  Thus, the court was free to

modify its oral findings by entering a separate written order.  Accordingly, the Bankruptcy

Court properly denied Appellants' motion for reconsideration.[27]  This Court will not create

a contrary bright-line rule.

## CONCLUSION

Having reviewed the applicable law and the arguments of the parties, the Court

agrees with the decision of the Bankruptcy Court.  Accordingly, it is hereby **ORDERED**

that the decision of the Bankruptcy Court be **AFFIRMED**.

---

[23] *See generally*, July 18, 2012 Hearing Transcript.

[24] *In re Gholston*, No. 6:11-bk-17200-ABB, 2012 WL 639288, at *4 n.3 (Bankr. M.D. Fla. Feb. 27, 2012) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1293 (11th Cir. 2003)); *see also* Fed. R. Civ. P. 58.

[25] Fed. R. Bankr. P. 9021.

[26] Fed. R. Bankr. P. 5003(a).

[27] Orders for reconsideration are only appropriate when "(1) an intervening change of controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  *In re Barber*, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004).  Appellants' motion did not present any of these "extraordinary circumstances." *See Condor One, Inc. v. Homestead Partners, LTD. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996).

**SO ORDERED,** this 26th day of March, 2014.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT

BBP/ssh